# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 25-580

RUDOLPH BIJOU, SR., ET AL.

VERSUS

PAULA BIJOU MIRE, ET AL.

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NUMBER 115257
HONORABLE SUZANNE M. DEMAHY, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## GARY J. ORTEGO
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Elizabeth A. Pickett, Gary J. Ortego, and Clayton Davis, Judges.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

**Michael O. Adley**
**Gibson Law Partners, LLC**
**2448 Johnston St**
**P. O. Box 52124**
**Lafayette, LA 70503**
**(337) 761-6023**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **The Estate of Rudolph Bijou, Sr.**
    **Caesar Bijou**
    **Pierre Bijou**

**Edward P. Landry**
**Landry, Watkins, Repaske & Breaux**
**P. O. Box 12040**
**New Iberia, LA 70562-2040**
**(337) 364-7626**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Paula Bijou Mire**
    **Kevin Bijou**

**Edmond L. Guidry, III**
**Guidry & Guidry**
**324 South Main St.**
**St. Martinville, LA 70582**
**(337) 394-7116**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **The Estate of Wilbert Mire**

**ORTEGO, Judge.**

This case involves multiple claims brought by one set of siblings and their father against another set of siblings plus the former spouse of one of the defendants regarding property inherited through the succession of their mother ("Bijou Estate"), including revocation of an act of donation, damages from a sheriff's sale and subsequent acquisition of property belonging to the succession of the siblings' mother, conversion, an accounting and breach of fiduciary duty, along with claims of unjust enrichment and detrimental reliance.

After many years of litigation, multiple hearings, and resulting multiple judgments, the trial court ultimately dismissed all the plaintiffs' actions granting exceptions of no cause of action, res judicata, and prescription for the claims presented by plaintiffs. The plaintiffs appeal.

## FACTS AND PROCEDURAL HISTORY

Rudolph Bijou, Sr., ("Rudolph, Sr.") his wife, Marie Derouen Bijou ("Marie"), and their children at the time, Rudolph, Jr., Caesar, Pierre, and Paula, inherited an undivided interest in immovable property, subject to a usufruct in favor of Rudolph Bijou, Sr., known as the Bijou estate. Rudolph, Sr. established a lumber yard and construction business on a portion of the Bijou estate and managed that property until 1986. Then, Rudolph, Sr. and Marie enlisted the help of their daughter, Paula Bijou Mire ("Paula"), to manage their property. At that time, the powers of attorney were given to Paula by both Rudolph, Sr. and Marie. Paula subsequently rented out the lumber yard, executed signed leases, rented out the family home, and leased land for farming.

On May 28, 1989, Marie died. In 1990, a creditor sued and obtained a judgment against Rudolph, Sr., individually, and Marie's estate/succession. That same year, a one-third interest in a tract of land, a part of the Bijou estate, less and

except for certain portions belonging to the unopened succession of Marie, was purchased at a lawful sheriff's sale, open to the public, by Paula and her husband, at the time, Wilbert Mire.

On February 14, 1995, Rudolph, Sr. donated his ownership interest in the Bijou estate to his children to pay off another debt, but he retained his usufruct. On February 17, 1995, the petition to probate Marie's will was filed.

Some years later, in 2005, Rudolph, Jr. died intestate with no children. Thus, his siblings inherited the property of his estate, including his portion of the Bijou estate, subject to a usufruct in favor of Rudolph, Sr.

In 2008, the City of New Iberia sought to purchase three acres of the Bijou estate. Thereafter, in 2008, a donation was made to Kevin and Michael from each of their siblings of their ownership interests acquired via their inheritance of Rudolph, Jr.'s portion of the three acres. At that time, Rudolph, Sr. also donated his usufruct over those three acres to Kevin and Michael. However, the sale fell through when Kevin refused to sell the property because he did not agree to the City's presented terms of the sale.

The failure of the sale created discord among family members. Caesar began looking into Paula's actions in her management of the Bijou estate. On October 6, 2009, siblings Caesar, Pierre, and Michael, and their father, Rudolph, Sr. (collectively "plaintiffs") filed a petition against Paula and Kevin for breach of contract and damages. On December 28, 2017, Paula and Kevin filed exceptions of no cause of action and prescription to the petition. Plaintiffs have since amended their petition on four occasions. The first amendment added Paula's former husband, Wilbert ("Wilbert"), as a defendant (Paula, Kevin, and Wilbert collectively referred to as "defendants").

2

Relevant to this appeal, plaintiffs have brought claims against defendants for revocation of a 2008 act of donation; damages from a 1990 sheriff's sale and subsequent acquisition of property once belonging to Marie's sister; conversion; and breach of fiduciary duty and accounting. Plaintiffs' claim for breach of fiduciary duty and accounting is allegedly owed from a June 1986 power of attorney; the administration of Marie's succession opened on February 17, 1995; and the management of the Bijou estate up until just before suit was filed on October 6, 2009. Plaintiffs also added claims of unjust enrichment and detrimental reliance.

A number of hearings have taken place, and multiple judgments have been rendered since suit was filed on October 6, 2009. On March 23 and August 8, 2018, the trial court sustained exceptions of no cause of action regarding plaintiffs' claims for revocation of a 2008 donation. On August 18, 2018, the trial court also sustained defendants' exception of res judicata regarding activity that took place relative to the 1990 sheriff's sale. On November 27, 2018, the trial court sustained defendants' exception of prescription regarding all claims of conversion. As to these claims and resulting judgments, the record reflects no appeal was taken by the plaintiffs.

Then, after a hearing on March 28, 2024, the trial court sustained defendants' exception of prescription as to the accounting owed regarding the June 1986 powers of attorney Marie and Rudolph, Sr. had given Paula. On August 26, 2024, plaintiffs amended their petition for the fourth time. Defendants answered by reiterating exceptions of no cause of action, res judicata, and prescription.

After a hearing, the trial court dismissed all of plaintiffs' remaining claims in an October 28, 2024 judgment. Plaintiffs filed the present appeal alleging six assignments of error.

3

## ASSIGNMENTS OF ERROR

Defendants alleged:

I.   The trial court erred in dismissing Plaintiffs' claim to revoke the Act of Donation on an Exception of No Cause of Action.

II.  The trial court erred in dismissing Plaintiffs' claims against Paula Bijou Mire and Wilbert Mire relating to the Sheriff Sale and their subsequent acquisition of property belonging to the Succession of Marie Bijou on an Exception of Res Judicata.

III. The trial court erred in dismissing Caesar and Pierre Bijou's conversion claims on an Exception of Prescription.

IV.  The trial court erred in dismissing Plaintiffs' breach of fiduciary duty and accounting claims on an Exception of Prescription.

V.   The trial court erred in dismissing Plaintiffs' claims for detrimental reliance and unjust enrichment *sua sponte* and without notice or an opportunity to be heard.

VI.  The trial court erred in dismissing Rudolph Bijou, Sr.'s claim for conversion *sua sponte* and without notice or an opportunity to be heard.

## STANDARD OF REVIEW

Exceptions of no cause of action, res judicata, and prescription were sustained in the judgments we are to review. The standard of review of each is indicated below.

*No cause of action*

Exceptions of no cause of action are reviewed de novo "because the exception raises a question of law and the lower court's decision is based solely on the sufficiency of the petition." *Ramey v. DeCaire*, 23-1299, pp. 7–8 (La. 3/19/04), 869 So.2d 114, 119.

*Res Judicata*

Appellate courts, in reviewing the sustaining of an exception of res judicata, conduct a de novo review to determine whether the lower court was legally correct or a manifest error review of questions of fact when the exception is raised prior to

the case's submission, and both parties had the opportunity to produce evidence. *Fogleman v. Meaux Surface Protection, Inc.*, 10-1210 (La.App. 3 Cir. 3/9/11), 58 So.3d 1057, *writ denied*, 11-712 (La. 5/27/11), 63 So.3d 995.

*Prescription*

> The standard of review of a grant of an exception of prescription is determined by whether evidence was adduced at the hearing of the exception. If evidence was adduced, the standard of review is manifest error; if no evidence was adduced, the judgment is reviewed simply to determine whether the trial court's decision was legally correct.

*Arton v. Tedesco*, 14-1281, p. 3 (La.App. 3 Cir. 4/29/15), 176 So.3d 1125, 1128, *writ denied*, 15-1065 (La. 9/11/15), 176 So.3d 1043 (citations omitted).

## ASSIGNMENT OF ERROR NUMBER ONE

Plaintiffs assert that the trial court erred in dismissing their claim to revoke the act of donation on defendants' exception of no cause of action.

> The function of an exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. Therefore, the court reviews the petition and accepts well pleaded allegations of fact as true, and the issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought.

*Everything on Wheels Subaru, Inc. v. Subaru South, Inc.*, 616 So.2d 1234, 1235 (La.1993) (citiations omitted). "No evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action." La.Code Civ.P. art. 931. "Every reasonable interpretation must be accorded the language of the petition in favor of maintaining its sufficiency and affording the plaintiff the opportunity of presenting evidence at trial." *Industrial Cos., Inc. v. Durbin*, 02-665, p. 7 (La. 1/28/03), 837 So.2d 1207, 1213.

Plaintiffs' original petition alleged that the 2008 act of donation of immovable property made to Kevin and Michael was prepared on the condition that Paula would

execute an act exchange wherein she would exchange her interest in three acres of land for an equal interest in other land co-owned by the parties and that Kevin would execute an option to sell three acres of immovable property to the City of New Iberia. Thus, according to plaintiffs, the act of donation was not effective and should not have been filed in the public record since Paula did not execute the before mentioned act of exchange, and Kevin did not execute the option to sell the three acres to the City of New Iberia.

The trial court, in a March 23, 2018 judgment stated, "IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Exception for no cause of action regarding revocation of donation is granted, and plaintiffs are allowed . . . to amend the petition."

On April 27, 2018, plaintiffs' second amended petition reasserted the allegation that the 2008 act of donation was not valid. Further, the second amended petition alleged that the act of exchange and option to sell were to be recorded in the public record simultaneously with the act of donation only if the sale of immovable property to the City of New Iberia was completed. Finally, the second amended petition alleged that Paula and Kevin fraudulently executed and recorded a copy of the act of donation while the original was still in plaintiffs' possession. As to these claims in the plaintiffs' second amended petition, the trial court, in an August 16, 2018 judgment, did not allow plaintiffs to amend their petition further on this issue, stating, "IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Exception for no cause of action regarding revocation of donation is granted."

Nevertheless, plaintiffs filed their third amended petition reasserting the same allegations and no new ones regarding the 2008 act of donation. In their fourth amended petition filed on July 10, 2024, plaintiffs reasserted the allegations that the 2008 act of donation was not effective and should not have been filed based on Paula

6

and Kevin's allegedly fraudulent execution and recordation of a copy of the act of donation while the original was still in plaintiffs' possession with the additional allegation that Paula and Kevin used photocopies of plaintiffs' signatures from the original donation still in plaintiffs' possession. After a hearing, the trial court issued a judgment on October 28, 2024, that stated, "IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Peremptory Exception of Res Judicata regarding the claim of revocation of donation is GRANTED."

*Analysis:*

The record reflects that the 2008 donation of immovable property to Kevin and Michael was an authentic act, a copy of which was filed into the public record. The plaintiffs alleged that certain conditions upon which the donation depended were not met. Thus, the donation was invalid and/or revoked.

Plaintiffs argue that the trial court erroneously concluded that, because the act of donation was an authentic act, it could not consider any facts outside the explicit language of the document. According to plaintiffs, because the act of donation did not include any condition permitting revocation, the trial court held that the act could not be revoked. Plaintiffs contend that their allegations of fraud, their lack of donative intent, and Kevin's ingratitude permit consideration of facts outside the language of the act of donation and sufficiently state a cause of action to revoke, rescind, or otherwise invalidate the act of donation. However, there is no explanation in the record by the trial court as to why it sustained the exception of no cause of action. As such, we will review the record de novo regarding whether plaintiffs stated a cause of action regarding revocation of the 2008 act of donation.

"An authentic act constitutes full proof of the agreement it contains, as against the parties, their heirs, and successors by universal or particular title." La.Civ.Code art. 1835. "A donation inter vivos shall be made by authentic act under the penalty

7

of absolute nullity, unless otherwise expressly permitted by law." La.Civ.Code art. 1541. "A donation inter vivos may be revoked because of ingratitude of the donee or dissolved for the nonfulfillment of a suspensive condition or the occurrence of a resolutory condition. A donation may also be dissolved for the nonperformance of other conditions or charges." La.Civ.Code art. 1556.

Here, the act of donation does not reference the conditions alleged by plaintiffs that Paula execute an act of exchange or that Kevin sign an option to sell the three acres to the City of New Iberia. Rather, a review of the language of the act of donation states that the parties donated their portions of the three acres "in consideration of the wishes of their deceased mother and their love and affections for their brothers, Kevin Bijou and Michael Bijou." Further, the parties donated their interests "irrevocably."

*Fraud*

Plaintiffs first contend that their signing of the 2008 act of donation was induced by fraud. "Fraud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other." La.Civ.Code art. 1953.

Here, plaintiffs contend they made the donation with the understanding that the land would be sold, but Kevin did not agree to sell the land. This allegation does not amount to fraud. Plaintiffs do not allege that they were caused a loss by Kevin's failure to sell the portion of the land they donated to him, nor do they allege that Kevin obtained an unjust advantage. Rather, the allegation is simply that plaintiffs would not have donated the land if they had known it would not be sold. This is tantamount to plaintiffs alleging that an unwritten condition of the donation exists. Louisiana law is clear that such unwritten conditions are not enforceable if not

8

present in the four corners of the instrument. Here, we find that the language of this donation reflects no such suspensive conditions as claimed by plaintiffs.

*Donative Intent*

"When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." La.Civ.Code art. 2046. A party's intent for entering into a written agreement is ordinarily determined from the four corners of the instrument, and extrinsic evidence is inadmissible either to explain or to contradict the terms of the instrument. *Ortego v. State, DOTD*, 96-1322 (La. 2/25/97), 689 So.2d 1358.

Here, the plaintiffs signed the original act of donation that clearly states that they donated their portions of the three acres "in consideration of the wishes of their deceased mother and their love and affections for their brothers, Kevin Bijou and Michael Bijou." Thus, we find this language is clear and explicit, does not contain any suspensive conditions, and does not lead to absurd consequences. It further directly contradicts the allegation that plaintiffs lacked donative intent. Accordingly, we find plaintiffs' argument regarding donative intent is without merit.

*Ingratitude:*

"Revocation on account of ingratitude may take place only in the following cases: (1) If the donee has attempted to take the life of the donor; or (2) If he has been guilty towards him of cruel treatment, crimes, or grievous injuries." La.Civ.Code art. 1557.

There is no evidence presented by plaintiffs that Kevin attempted to take the life of any donor. Further, there is no evidence in the record that Kevin has been guilty of the actions present in La.Civ.Code art. 1557(2). As such, we find plaintiffs' argument regarding ingratitude are also without merit.

9

Therefore, we find the trial court correctly ruled that plaintiffs' claims regarding revocation of the 2008 donation failed to state a cause of action. Thus, this assignment of error is without merit.

## ASSIGNMENT OF ERROR NUMBER TWO

Plaintiffs next assign as error that the trial court erred in dismissing their claims against Paula and Wilbert relating to the 1990 sheriff's sale and their subsequent acquisition of said property belonging to the succession of Marie Bijou on an exception of res judicata.

The res judicata doctrine is codified in La.R.S. 13:4231, which provides (emphasis added):

> Except as otherwise provided by law, a valid and final judgment is conclusive between the *same parties*, except on appeal or other direct review, to the following extent:
>
> (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of the final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
>
> (2) If the judgment is in favor of the defendant, all causes of action existing at the time of the final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished, and the judgment bars a subsequent action on those causes of action.
>
> (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

In January of 1990, St. Martin Bank & Trust Company filed a petition for executory process against the unopened succession of Marie Derouen, wife of Rudolph J. Bijou, Sr., for a debt owed and secured by an ownership share in certain immovable property. Mr. Louis C. Cuillor was appointed to represent the unopened succession and was served with the petition. That petition resulted in a judgment

against the unopened succession and eventual seizure, and public sale of the ownership share in the immovable property in question.

The parties to the sheriff's sale were St. Martin Bank & Trust Company and the succession of Marie Bijou. The parties in this matter are Caesar, Pierre, and Michael, and their father, Rudolph, Sr. asserting claims against Paula and Wilbert. These are clearly not the same parties as required for the application of res judicata by the plain language of La.R.S. 13:4231. Therefore, we reverse the trial court's judgment sustaining the exception of res judicata and remand the issue for further proceedings.

## ASSIGNMENTS OF ERROR NUMBERS THREE AND SIX

Plaintiffs' third assignment of error is that the trial court erred in dismissing Caesar and Pierre Bijou's conversion claims on an exception of prescription. Additionally, in plaintiffs' sixth assignment of error, they assert that the trial court erred in dismissing Rudolph, Sr.'s claim for conversion sua sponte and without notice or an opportunity to be heard. As such, we will review these together.

> The tort of conversion is an intentional act done in derogation of the plaintiff's possessory rights. It is committed when one wrongfully does any act of dominion over the property of another in denial of or inconsistent with the owner's rights. Any wrongful exercise or assumption of authority over another's goods, depriving him of the possession, permanently or for an indefinite time, is a conversion. Although a party may have rightfully come into possession of another's goods, the subsequent refusal to surrender the goods to one who is entitled to them may constitute conversion.

*Kinchen v. Louie Dabdoub Sell Cars, Inc.*, 05-218, pp. 6–7 (La.App. 5 Cir. 10/6/05), 912 So.2d 715, 718 (citations omitted), *writ denied*, 05-2356 (La. 3/17/06), 925 So.2d 544.

"A conversion action sounds in tort and is subject to a one-year liberative prescriptive period." *Bihm v. Deca Systems, Inc.*, 16-356, p. 15 (La.App. 1 Cir. 8/8/17), 226 So.3d 466, 480. At the time of plaintiffs' alleged conversion claims,

11

La.Civ.Code art. 3492 applied stated "[d]elictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained." Article 3492 was repealed by Acts 2024, No. 423, § 2, effective prospectively from July 1, 2024.

As stated above, the standard of review applicable on an exception of prescription depends on whether evidence was heard on the matter. Here, there is no dispute that the trial court heard evidence at the hearing. Thus, we are to determine whether the trial court erred as a matter of law on any legal findings and whether any of its factual findings were manifestly erroneous.

On October 6, 2009, plaintiffs filed their original suit against defendants. Plaintiffs assert that prescription did not commence until March of 2009 because Caesar did not know Paula was allegedly converting funds until he reviewed records from the bank account set up for the Bijou estate. Further, Pierre testified that he did not know of the alleged conversion until Caesar told him in March of 2009.

While the testimony may be true, the record indicates that Caesar was named on the estate's bank account and had access to it as early as February 6, 2008. Thus, Ceasar had the ability to review the bank account more than a year prior to the alleged/supposed acquisition of actual knowledge of Paula's alleged conversions. Given that plaintiffs contend they requested an accounting and access to the bank account multiple times prior to Caesar being placed on the account, it was reasonable for the trial court to find prescription began to run on February 6, 2008.

Moreover, Caesar testified that he had access to the account in question in August of 2008. Even if that time period is used to calculate when prescription began to run, the conversion claims would be prescribed.

In brief, plaintiffs assert that "Caesar began to examine all of Paula's activities regarding the 'Bijou Estate'" after January 2006 when Caesar was gathering the

12

information pertaining to the succession of his deceased brother Rudolph, Jr. If January 2006 is used to calculate the running of prescription, the conversion claims are prescribed. As such, we find no error in the trial court's ruling that Caesar and Pierre's conversion claims are prescribed.

Finally, regarding Rudolph Bijou, Sr.'s claim for conversion, he donated his ownership interests in the Bijou estate to his children on February 14, 1995. It is well-settled that a court can raise an exception of no cause of action sua sponte. *See Moreno v. Entergy Corp.*, 10-2268 (La. 2/18/11), 64 So.3d 761 and La. Code Civ. P. art. 927(B). Conversion, by definition, requires the claimant to own the property allegedly converted. Since Rudolph, Sr. donated his ownership interests in the Bijou estate, he could not prove a right to recover against defendants for conversion. Accordingly, we find no error by the trial court in finding that Rudolph Bijou, Sr. had no cause of action for conversion.

## ASSIGNMENT OF ERROR NUMBER FOUR

Plaintiffs' fourth assignment of error is that the trial court erred in dismissing their breach of fiduciary duty and accounting claims on an exception of prescription. In its latest judgment of October 28, 2024, the trial court dismissed plaintiffs' breach of fiduciary duty and accounting claims stating, "IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Peremptory Exception of Res Judicata regarding the claims of accounting owed by Paula Bijou Mire under Power of Attorney/Mandate is GRANTED." Thereafter, the judgment states, "IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Peremptory Exception of Prescription regarding claims against Paula Bijou Mire for breach of fiduciary duty/ "self-dealing" is GRANTED."

Thus, we find it is unclear from this record before us whether plaintiffs' claims for an accounting and breach of fiduciary duty were dismissed by res judicata or

13

prescription. Regardless, and in an effort to fully adjudicate plaintiffs' assignment of error, we will address the accounting and breach of fiduciary duty claims under the appropriate applicable exception relative to the source of these claims. Plaintiffs assert that an accounting is owed by Paula as part of her fiduciary duty to them stemming from three situations: (1) the June 1986 power of attorney; (2) the administration of Marie Bijou's succession opened on February 17, 1995; and (3) the management of the Bijou estate.

"The mandatary is bound to fulfill with prudence and diligence the mandate he has accepted. He is responsible to the principal for the loss that the principal sustains as a result of the mandatary's failure to perform." La.Civ.Code art. 3001.

> The fiduciary's duty includes the ordinary duties owed under tort principles, as well as a legally imposed duty which requires the fiduciary to handle the matter as though it were his own affair. In addition, the fiduciary may not take even the slightest advantage, but must zealously, diligently and honestly guard and champion the rights of his principal against all other persons whomsoever, and is bound not to act in antagonism, opposition or conflict with the interest of the principal to even the slightest extent. It is this duty of loyalty which distinguishes the fiduciary relationship. A cause of action for breach of fiduciary duty requires proof of fraud, breach of trust, or an action outside the limits of the fiduciary's authority.

*Beckstrom v. Parnell*, 97-1200, pp. 8–9 (La.App. 1 Cir. 11/6/98), 730 So.2d 942, 947-48 (citations omitted).

> A fiduciary relationship has been described as one that exists when confidence is reposed on one side and there is resulting superiority and influence on the other.

>> The word "fiduciary," as a noun, means one who holds a thing in trust for another, a trustee; a person holding the character of a trustee, or a character analogous to that of a trustee, with respect to the trust and confidence involved in it and the scrupulous good faith and candor which it requires; a person having the duty, created by his undertaking, to act primarily for another's benefit in matters connected with such undertaking. One is said to act in a fiduciary capacity "when the business which he transacts, or the money or property which he handles, is not his own or for his own benefit, but for the benefit of

14

> another person, as to whom he stands in a relation implying and necessitating great confidence and trust on the one part and a high degree of good faith on the other.

*Scheffler v. Adams and Reese, LLP*, 06-1774, pp. 6–7 (La. 2/22/07), 950 So.2d 641, 647 (citations omitted).

"Upon termination of the mandate, unless this obligation has been expressly dispensed with, the mandatary is bound to account for his performance to the principal." La.Civ.Code art. 3032. The applicable prescriptive period for an obligation to provide an accounting as part of a fiduciary duty stemming from a mandate is governed by La.Civ.Code art. 3499. *See Faubourg Saint Charles, LLC v. Faubourg Saint Charles Homeowner Assn., Inc.*, 18-806 (La.App. 4 Cir. 2/20/19), 265 So.3d 1153. Louisiana Civil Code Article 3499 states, "[u]nless otherwise provided by legislation, a personal action is subject to a liberative prescription of ten years."

*Power of Attorney:*

Regarding the June 1986 powers of attorney, it is clear any accounting or breach of fiduciary duty claim is prescribed. Plaintiffs did not file the original petition until October 6, 2009. "Both the mandate and the authority of the mandatary terminate upon the death of the principal or of the mandatary." La.Civ.Code art. 3024(1). Marie Derouen Bijou died on May 28, 1989. Thus, any fiduciary duty or accounting owed stemming from Paula's power of attorney granted by Marie prescribed on May 28, 1999, more than ten years prior to plaintiffs' petition was filed.

Moreover, Rudolph, Sr. donated his ownership interests in the Bijou estate to his children on February 14, 1995. Therefore, we find that any duty owed by Paula to Rudolph, Sr. relative to management of the Bijou estate and conveyed by his power of attorney prescribed on February 14, 2005 (ten years from February 14,

15

1995). Here, the original suit was filed on October 6, 2009. Thus, these claims were prescribed.

*Estate of Marie Bijou*

Regarding an accounting or fiduciary duty owed by Paula to the plaintiffs as to the succession of Marie Bijou, which proceedings from Marie Bijou's succession are contained in the record before us. A review of that record shows no evidence that Paula was ever formally appointed administrator or manager of Marie's estate. Furthermore, plaintiffs did not plead that Paula was ever appointed as such. Thus, we find there is no cause of action for an accounting or breach of fiduciary duty claim related to the administration of Marie Bijou's succession because there was no court order or judgment naming Paula or anyone else as an administrator of the estate.

Moreover, the succession was opened on February 17, 1995. Any accounting owed or breach of fiduciary duty prescribed on February 17, 2005. Again, the plaintiffs' original petition was not filed until October 6, 2009, more than ten years from February 17, 1995. Therefore, we find that these claims state no cause of action and are also prescribed.

*Paula's Management of Bijou Estate/Properties:*

Finally, plaintiffs contend their petitions state a cause of action for claims for an accounting and breach of fiduciary duty owed by Paula for generally managing the Bijou estate that are not prescribed. We find merit to this contention.

It is clear that a cause of action was presented in plaintiffs' original petition, filed October 6, 2009, wherein it was alleged Paula breached "her fiduciary duty to share all of the fruits of the Bijou estate equally" with the plaintiffs. Subsequent amendments to that original petition repeat and add to those allegations in sufficient detail.

16

Additionally, and although there was no written agreement between Paula and her co-owners that she would manage the Bijou estate, plaintiffs point out that Paula judicially admitted to being its manager. The record shows that Paula testified in her 2017 deposition that she managed the Bijou estate from 1986, "[u]ntil whenever I turned it over to them, what, 2008, 2007."

Louisiana Civil Code Article 1853 states, "[a] judicial confession is a declaration made by a party in a judicial proceeding. That confession constitutes full proof against the party who made it."

As previously stated, in 1986 Rudolph, Sr. and Marie enlisted Paula's help to manage their property. At that time powers of attorney were given to Paula by both Rudolph, Sr. and Marie. The record reflects that during Paula's management of these properties, she rented out the lumber yard, executed leases, rented out the family home, leased land for farming, collected sugar cane and other crop receipts, and maintained an "estate" checking account, along with other business transactions, including periodic distribution of money to her parents, siblings, and herself, without ever providing any written accounting.

Based on the face of plaintiffs' petition and multiple amendments, along with Paula's sworn deposition testimony, we find that plaintiffs have timely stated a cause of action against Paula for her alleged breach of her fiduciary duties occurring during the ten years prior to October 6, 2009, when plaintiffs filed their original petition.

Accordingly, we reverse the trial court's judgment dismissing plaintiffs' claims against Paula for her alleged breach of fiduciary duty related to the management of the Bijou estate for the ten-year period prior to October 6, 2009. We remand this matter for the trial court to order Paula to provide an accounting for the ten-year period prior to October 6, 2009.

## ASSIGNMENT OF ERROR NUMBER FIVE

Plaintiffs' fifth assignment of error is that the trial court erred in dismissing their claims for detrimental reliance and unjust enrichment sua sponte and without notice or an opportunity to be heard. We will not consider this assignment of error.

Unjust enrichment claims are governed by La.Civ.Code art. 2298. "A person who has been enriched without cause at the expense of another person is bound to compensate that person. . . . The remedy declared here is subsidiary and shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule." *Id*. Like unjust enrichment, detrimental reliance is an equitable remedy in which the plaintiff must prove: (1) a representation by word or conduct; (2) justifiable/reasonable reliance; and (3) a change in position to one's detriment because of the reliance. La.Civ.Code art. 1967.

Above, we found that plaintiffs have stated a timely cause of action for breach of fiduciary duty in Paula's management of the Bijou estate for the ten years prior to October 6, 2009. Thus, plaintiffs' unjust enrichment and detrimental reliance claims are not yet available as the law potentially provides them with a remedy under their breach of fiduciary duty claims. Accordingly, we will not consider this assignment of error at this time.

## DISPOSITION

Siblings Caesar and Pierre Bijou, along with their father, Rudolph Bijou, Sr. raise six assignments of error. We affirm the trial court's judgment regarding plaintiffs' claim to revoke the act of donation and to recover damages based on Caesar, Pierre, and Rudolph, Sr. Bijou's conversion claims. Further, we affirm the trial court's judgment dismissing plaintiffs' claims for breach of fiduciary duty and accounting regarding Paula's June 1986 powers of attorney and the succession of Marie Bijou.

18

However, we reverse the trial court's judgment dismissing plaintiffs' claims to invalidate or recover damages based on the sheriff's sale and defendants' subsequent acquisition of property once belonging to the estate of Marie Bijou; and dismissing plaintiffs' claims for alleged breach of fiduciary duty and accounting based on Paula's management of the Bijou estate for her actions within ten years prior to October 6, 2009. Therefore, we remand this case for further adjudication limited to and consistent with this opinion as to only these limited issues.

Finally, we decline to consider plaintiffs' assignment of error regarding unjust enrichment and detrimental reliance at this time.

Costs of these proceedings are split equally between plaintiffs, Caesar, Pierre, Michael, and Rudolph Bijou, Sr. and defendants, Kevin Bijou and Paula Bijou Mire.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**